FILED IN MY OFFICE
DISTRICT COURT CLERK
7/7/2017 6:29:06 AM
STEPHEN T. PACHECO
Ginger Sloan

**STATE OF NEW MEXICO**
**FIRST JUDICIAL DISTRICT**
**COUNTY OF RIO ARRIBA**

**JUANITA LOPEZ,**

      **Plaintiff,**

                                    Case assigned to Mathew, Francis J.

**against**                       **Case No.:** D-117-CV-2017-00398

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**and YET-TO-BE-IDENTIFIED EMPLOYEES AND/OR AGENTS**
**of State Farm Mutual Automobile Insurance Company,**

      **Defendants.**

**COMPLAINT FOR BAD FAITH BREACH OF CONTRACT, INSURANCE BAD FAITH, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATIONS OF THE NEW MEXICO UNFAIR INSURANCE PRACTICES ACT AND THE NEW MEXICO UNFAIR TRADE PRACTICES ACT, NEGLIGENCE AND BREACH OF FIDUCIARY DUTY, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, TREBLE DAMAGES, PUNITIVE DAMAGES AND STATUTORY ATTORNEY'S FEES AND FOR DECLARATORY RELIEF AND REFORMATION OF INSURANCE CONTRACT**

      **COMES NOW** Plaintiff Juanita Lopez, by and through her counsel, Merit Bennett of The

Bennett Law Group, LLC, and for her Complaint against Defendants states as follows:

      1.      Plaintiff Juanita Lopez (hereinafter "Mrs. Lopez") is a resident of Rio Arriba County,

New Mexico.

      2.      Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State

Farm") is a corporation believed to be authorized to do and doing business in New Mexico.  Said

Defendant is also the insurer of Mrs. Lopez for the subject incidents set forth hereinbelow.

Defendant(s) Yet-to-be-identified employees and/or agents of State Farm (also hereinafter

individually and/or collectively referred to as "State Farm") are those individuals who may be

personally liable to the Plaintiff for their individual acts and/or omissions directed against Plaintiff

**EXHIBIT 2**

in violation of the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A-16-20. *See Martinez v. Cornejo*, 1259-NMCA-011, Para. 9, 146 N.M. 223, 208 P.3d 443.

3.      On or about May 1, 2014, in Santa Fe County, New Mexico, Mrs. Lopez was injured in a motor vehicle collision.   The collision caused Mrs. Lopez to suffer bodily injury, pain and suffering, permanent physical and psychological impairment, emotional distress, loss of enjoyment of life and other actual, consequential past and future damages (hereinafter collectively the "damages").  Mrs. Lopez settled with the tortfeasor's insurance carrier for the applicable policy liability limits, and State Farm sanctioned the settlement.

4.      On or about August 14, 2014, in Rio Arriba County, New Mexico, Mrs. Lopez was injured in a motor vehicle collision.  The collision caused Mrs. Lopez to suffer bodily injury, pain and suffering, permanent physical and psychological impairment, emotional distress, loss of enjoyment of life and other actual, consequential past and future damages (hereinafter collectively the "damages").  Mrs. Lopez settled with the tortfeasor's insurance carrier for the applicable policy liability limits, and State Farm sanctioned the settlement.

5.      Mrs. Lopez then made demand upon State Farm for payment of her applicable underinsured motorist ("UIM") coverage limits applying to both collisions, yet State Farm refused to promptly and reasonably settle Mrs. Lopez's claims and further denied her UIM coverage entitlement to stacked limits of $125,000.00 ($25,000.00 UM coverage for each of 5 insured vehicles), thereby breaching its contract with her in bad faith, breaching its statutory and common law duties to her and causing her to suffer consequential harm, including emotional distress.

6.      State Farm's refusal was allegedly based upon a waiver of UM coverage executed by Mrs. Lopez's husband, unknowingly and without Mrs. Lopez's authority. (Mrs. Lopez's husband

2

has passed away since execution of the document.)   State Farm knew that such illegitimately obtained waiver was not valid against Mrs. Lopez, yet has continued to maintain its invalidity and has denied Mrs. Lopez's valid UIM claim and entitlement to UIM coverage limits of $125,000.00 for each of the subject collisions.  *See* Plaintiff's Declaration Page of her insurance coverage with State Farm attached hereto as **Exhibit A**.

7.     State Farm' refusal, by and through Defendant's claims adjusters and/or other agents or representatives, to promptly and fully honor its contractual obligations to Mrs. Lopez (to include, providing UIM coverage for both claims in the stacked amount of $125,000.00) was also unreasonable and in bad faith and in breach of the covenant of good faith and fair dealing implied in the subject policy of insurance and is also in violation of New Mexico public policy and statutory and case law providing for redress against insurance companies for refusing in bad faith to settle their insureds' underinsured motorist coverage claims reasonably and in good faith.  State Farm is therefore now liable to Mrs. Lopez for payment of the limits of her underinsured motorist coverage for both claims, as well as for compensation for her other consequential damages, and for additional punitive damages for State Farm's bad faith refusal to promptly and reasonably settle her underinsured motorist claims, forcing her to engage in stressful litigation.

8.     State Farm's refusal to promptly and reasonably settle Mrs. Lopez's underinsured motorist claims in good faith, forcing Mrs. Lopez to commence litigation to enforce her policy benefits, is also in violation of the New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-1, *et seq*., and in violation of the provisions of the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A-16-20, and, in addition, constitutes outrageous misconduct, and has caused and continues to cause Mrs. Lopez to suffer severe and extreme emotional distress.

3

9.     In addition to recovery of the applicable limits of the policy's coverage for both claims, treble damages pursuant to the New Mexico Unfair Trade Practices Act, damages for emotional distress and punitive damages, Mrs. Lopez is also entitled to recover from State Farm her attorney's fees, expenses and costs incurred in the pursuit of this litigation.

10.     By refusing to promptly and reasonably resolve either or both of Mrs. Lopez's underinsured motorist claims, State Farm, by and through its claims adjusters and/or other agents or representatives, intended to act and/or acted or failed to act in reckless disregard for the consequences of its acts and omissions, which acts and/or failures to act caused Mrs. Lopez to suffer outrageous, severe and extreme emotional distress because she was and still is being denied her contractual coverage benefits which were specifically agreed by State Farm to be available to fairly compensate her for her physical and psychological injuries, permanent impairment, financial loss and/or emotional suffering, thereby illegally forcing her to institute costly, lengthy and stressful litigation to obtain her insurance policy entitlements.

**COUNT I**
**BAD FAITH BREACH OF CONTRACT**

11.     Mrs. Lopez incorporates paragraphs 1-10 above by reference thereto.

12.     State Farm breached the terms of the policy by failing to promptly and reasonably resolve and pay either or both of Mrs. Lopez's underinsured motorist claims, despite her full payment of all of the premiums due for such policy coverage.

13.     State Farm's breaches of such contract were accomplished in bad faith and/or with reckless disregard for Mrs. Lopez's rights and feelings, entitling her to recover from State Farm, in addition to payment of the underinsured motorist coverage policy limits and consequential damages, an award of punitive damages.

4

**WHEREFORE**, on Count I, Mrs. Lopez prays for judgment against State Farm for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT II
### INSURANCE BAD FAITH

14.     Mrs. Lopez incorporates paragraphs 1-13 above by reference thereto.

15.     New Mexico law requires insurance companies to deal with their insureds in good faith and to promptly and reasonably resolve their valid insurance claims, owing their insureds a fiduciary duty to do so.

16.     State Farm breached such fiduciary duty to Mrs. Lopez in violation of New Mexico law by perpetrating its misconduct set forth herein, and Mrs. Lopez is therefore entitled to all allowable damages, to include, but not limited to, payment of her underinsured motorist coverage policy limits on both claims, her other consequential damages and an additional amount for punitive damages.

**WHEREFORE**, on Count II, Mrs. Lopez prays for judgment against Defendant for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (OUTRAGEOUS CONDUCT)

17.     Mrs. Lopez incorporates paragraphs 1-16 above by reference thereto.

18.     State Farm deliberately and/or maliciously intended, and/or acted in reckless disregard for, the consequences of its acts and/or omissions set forth herein, which caused Mrs. Lopez to suffer  severe and extreme emotional distress, forcing her to institute costly, lengthy and stressful litigation to obtain her insurance policy entitlements.  Such misconduct is also in violation of New Mexico public policy.

19.     State Farm is therefore liable to Mrs. Lopez for all damages relating to her emotional stress and suffering caused by State Farm's deliberate and/or malicious intent and/or reckless disregard, including punitive damages in an amount to be determined by the jury.

**WHEREFORE**, on Count III, Mrs. Lopez prays for judgment against State Farm, jointly and/or severally, for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

### COUNT IV
### VIOLATIONS OF THE NEW MEXICO UNFAIR
### INSURANCE PRACTICES ACT AND THE NEW
### MEXICO UNFAIR TRADE PRACTICES ACT

20.     Mrs. Lopez incorporates paragraphs 1-19 above by reference thereto.

21.     State Farm's misconduct as described herein is in violation of the New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-1, *et seq*., as well as in violation of the provisions of the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A-16-20.   In addition to recovery of the available limits of underinsured motorist coverage for both claims, Mrs. Lopez is entitled to recover from State Farm treble damages (pursuant to the New Mexico Unfair Trade

6

Practices Act), punitive damages and her attorney's fees, expenses and costs incurred in the pursuit

of her litigation.  In addition, State Farm's aforesaid misconduct violates New Mexico public policy

as expressed by these statutes.

      **WHEREFORE**, on Count IV, Mrs. Lopez prays for judgment against State Farm for her

actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive

damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other

and further relief as the Court shall deem to be proper under these circumstances.

**COUNT V**
**NEGLIGENT HIRING, TRAINING, SUPERVISION**
**AND RETENTION AND BREACH OF FIDUCIARY DUTY**

      22.    Mrs. Lopez incorporates paragraphs 1-21 above by reference thereto.

      23.    At all times relevant herein, State Farm, as Mrs. Lopez's  insurer, owed Mrs. Lopez

a fiduciary duty and a duty of due care to hire, train, supervise and retain only those of its employees

who would analyze and evaluate Mrs. Lopez's claims and treat Mrs. Lopez and evaluate her injuries

and her underinsured motorist claims fairly and with due consideration, resolving any doubts in

favor of State Farm's insured.

      24.    State Farm has negligently breached one or more of such duties (of due care and of

fiduciary responsibility) owed to Mrs. Lopez, which breaches of duty have proximately caused her

to suffer harm, including actual and consequential damages resulting from the improper assessment

and valuation of her underinsured motorist claims and including damages for Mrs. Lopez's severe

and extreme emotional distress.

      25.    Such breaches of duties were accomplished by State Farm negligently, recklessly

and/or with malice or bad faith, entitling Mrs. Lopez to recover from State Farm, in addition to the

7

limits of her underinsured motorist coverage for both claims, an additional amount for punitive damages.

**WHEREFORE**, Mrs. Lopez prays for judgment on Count V against State Farm for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT VI
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26.     Mrs. Lopez incorporates paragraphs 1-25 above by reference thereto.

27.     Implied within Mrs. Lopez's subject contract of insurance is a covenant of good faith and fair dealing which applies to State Farm and its representatives, agents and employees.

28.     By unlawfully denying Mrs. Lopez her full policy rights and benefits, Defendants have breached such implied covenant and are fully liable to Plaintiff for all consequential damages resulting from such breach.

29.     Such breach of ther covenant was accomplished State Farm negligently, recklessly and/or with malice or bad faith, entitling Mrs. Lopez to recover from State Farm, in addition to the limits of her underinsured motorist coverage, an additional amount for punitive damages.

**WHEREFORE**, Mrs. Lopez prays for judgment on Count VI against State Farm for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT VII
### FOR DECLARATORY RELIEF AND REFORMATION OF INSURANCE CONTRACT

8

30.     Mrs. Lopez incorporates paragraphs 1-29 above by reference thereto.

31.     The underinsured motorist coverage limits applicable to each of Plaintiff Mrs. Lopez's claims should be $125,000.00, as the purported waiver of UIM benefits initialed by her husband is not valid.

32.     Accordingly, Plaintiff's contract of insurance should be declared to provide UIM coverage in the amount of $125,000.00 for each of her claims and reformed to invalidate the "waiver" of UIM coverage initialed by Plaintiff's husband without her knowledge or consent and to restore the full statutory coverage in the stacked amount of $125,000.00 for each claim.

**WHEREFORE**, Mrs. Lopez prays for judgment on Count VII against State Farm in the form of the declaratory relief and the reformation of the subject insurance contract as is requested above, and for such other and further relief as the Court shall deem to be proper under these circumstances.

Respectfully submitted,

THE BENNETT LAW GROUP LLC

By  _/s/ Merit Bennett_____
    Merit Bennett, Esq.
    460 Saint Michael's Drive, Suite 703
    Santa Fe, New Mexico  87505
    Ph: 505-983-9834 | Fax: 505-983-9836
    Email: mb@thebennettlawgroup.com
    *Attorney for Plaintiff*